## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | NO. C4 – 830 |
| | : | ( Kane, J ) |
| **THE COMMONWEALTH OF** | : | |
| **PENNSYLVANIA; EDWARD G. RENDELL,** | : | |
| **Governor of the Commonwealth of** | : | |
| **Pennsylvania; and PEDRO A. CORTÉS,** | : | |
| **Secretary of the Commonwealth of** | : | |
| **Pennsylvania,** | : | |
| | : | |
| **Defendants** | : | |

## DEFENDANTS' MEMORANDUM IN OPPOSITION
## TO MOTION FOR TEMPORARY RESTRAINING ORDER

### INTRODUCTION

The United States has brought this action pursuant to the Uniformed and

Overseas Citizens Absentee Voting Act, 42 U.S.C. §1973ff, *et seq.*  The action seeks

in part to ensure that overseas voters who are qualified to vote in Pennsylvania's

April 27, 2004 General Primary Election and who have submitted timely and valid

applications for absentee ballots, have a reasonable opportunity to submit their ballots

and have those ballots canvassed and counted in accordance with Pennsylvania law

for the federal offices that appear on the ballot.

Defendants are the Commonwealth of Pennsylvania, Governor Edward G. Rendell and Secretary of the Commonwealth Pedro A. Cortés.

At the same time the United States filed its complaint, it also filed a motion for a temporary restraining order to compel defendants to take specified steps to accept absentee ballots from overseas voters even though they are received after the deadline established by state law for the submission of absentee ballots.

Before this action was filed, representatives of the United States and the Commonwealth engaged in extensive discussions concerning this action and the relief the United States was seeking. The parties reached agreement in principle on most of the issues raised. Unfortunately, they were not able to reach a complete agreement; and, because the election is imminent, the United States elected to proceed with this litigation.

Defendants are therefore submitting this memorandum to highlight what they believe to be the areas of disagreement remaining between the parties.[1]

---

[1]For the convenience of the Court, the Stipulated Agreement and Order defendants proposed as a basis for resolving this matter is attached to this memorandum as **Exhibit A.**

## DEFENDANTS OBJECT TO PLAINTIFF'S PROPOSAL THAT ABSENTEE BALLOTS BE SUBMITTED BY FACSIMILE MACHINE OR ELECTRONICALLY

The United States proposes, in part, that defendants be ordered to direct county election officials to accept and count votes for federal office received on federal write-in absentee ballots (Pl. Proposed Order ¶2). It further proposes that defendants be ordered to direct county election officials to accept all such ballots received by regular mail, facsimile transmission, electronic or overnight mail or express mail (Pl. Proposed Order ¶1)

Defendants object to submitting absentee ballots by facsimile machine or electronically because the secrecy of the ballot will be compromised. Submission of ballots by facsimile machine or electronically as contemplated by the United States will necessarily disclose the identity of the persons casting the ballots. The form for submitting Federal Write-in Absentee Ballots specifically requires voters to acknowledge that by submitting the ballots by facsimile machine, the are waiving their right to a secret ballot.[2]

Article 7, §4 of the Pennsylvania Constitution specifically mandates that "secrecy in voting be preserved." This requirement was not intended to confer an

---

[2]The instructions for electronically submitting a Federal Write-in Absentee Ballot and a copy of the submission sheet are attached to this memorandum as **Exhibit B.**

individual right on voters. Therefore the waiver provision of the Federal Write-in Absentee Ballot does not remedy the Commonwealth defendants' concerns.

The secrecy requirement is concerned with maintaining the integrity of the election process. Secrecy in voting prevents coercion of voters and it ensures that the institution and resolution of challenges to an absentee voter's qualifications will not be affected by the knowledge of how the voter's ballot was cast[3].

The federal statute at issue here also recognizes the significance of secrecy in voting. The provision authorizing the use of the Federal Write-in Ballot for general federal elections, specifically directs the preparation of the ballot and secrecy and mailing envelopes for use in casting it. 42 U.S.C. §1973ff-2(a).

Accordingly, defendants object to any order that would permit overseas absentee voters to submit their ballots by facsimile machine or electronically.

## CONCLUSION

For all of the preceding reasons, the Court should not order defendants to direct county elections officials to accept absentee ballots by facsimile transmission, by electronic transmission or by any other means that will compromise

---

[3]Under Pennsylvania law, challenges to absentee ballots may be made based, among other criteria, on whether the voter is a "qualified elector." 25 P.S. §3146.8(e). Because of the way absentee ballots are submitted in Pennsylvania, such challenges are made without disclosure of the absentee voter's ballot. *Id.*

the secrecy of the ballot.  Defendants' proposed order is attached to this memorandum

as **Exhibit C.**

                        **Respectfully submitted,**

                        **GERALD J. PAPPERT**
                        **Attorney General**

**BY:**     *[signature]*

| | |
|---|---|
| **LESLIE ANNE MILLER** | **SUSAN J. FORNEY** |
| **General Counsel** | **Chief Deputy Attorney General** |
| | **Pa. I.D. No. 27744** |
| **LINDA C. BARRETT** | |
| **Chief Counsel** | **Office of Attorney General** |
| **Department of State** | **Litigation Section** |
| **302 North Office Building** | **15th Floor, Strawberry Square** |
| **Harrisburg, PA 17120-0029** | **Harrisburg, PA 17120** |
| **(717)783-1520** | **(717) 787-9831- Direct** |
| **(717) 787-1734 - Fax** | **(717) 772-4526 - Fax** |
| | |
| *Counsel for Defendants* | *Counsel for Defendant Commonwealth* |
| *Rendell and Cortés* | *of Pennsylvania* |

**DATED: April 16, 2004**

# EXHIBIT A

4/15/2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| THE COMMONWEALTH OF PENNSYLVANIA, and | ) | |
| PEDRO A. CORTÉS, Secretary of the | ) | |
| Commonwealth of Pennsylvania, | ) | |
| | ) | |
| Defendants | ) | |

## STIPULATED AGREEMENT

Plaintiff, the United States of America, and Defendants, the Commonwealth of

Pennsylvania and Pedro A. Cortés, Secretary of the Commonwealth of Pennsylvania, for the sole

purposes of the conduct of the General Primary Election for Federal offices to be held on

Tuesday, April 27, 2004, stipulate and agree as follows:

1.      This action is brought by the Attorney General on behalf of the United States

pursuant to the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§ 1973ff--

1973ff-6 ("UOCAVA" or "the Act").

2.      This Court has jurisdiction of this action pursuant to 42 U.S.C. § 1973ff-4 and 28

U.S.C. §§ 1345 and 2201.

3.      The Uniformed and Overseas Citizens Absentee Voting Act provides, *inter alia*,

that "absentee uniformed services voters" and "overseas voters" (as defined by the Act) shall be

permitted "to use absentee registration procedures and to vote by absentee ballot in general,

special, primary and runoff elections for Federal office." 42 U.S.C. § 1973ff-1.

4.      The United States, by this action, seeks injunctive relief under UOCAVA to assure that "overseas voters," as defined by the Act (including absent uniformed services voters who are overseas voters), who (a) are qualified to vote in the April 27, 2004, General Primary Election in the Commonwealth of Pennsylvania, and (b) submitted to appropriate county elections officials applications for absentee ballots on or before Monday, March 29, 2004, will be afforded a reasonable opportunity to submit their absentee ballots in a manner that is deemed timely by Pennsylvania officials and to have those ballots canvassed and counted in accordance with Pennsylvania law for the *Federal* offices that appear on the absentee voters' General Primary ballot.

5.      As a State, Defendant Commonwealth of Pennsylvania must comply with the provisions of UOCAVA that impose duties on the States.

6.      Defendant Pedro A. Cortés is the Secretary of the Commonwealth of Pennsylvania. As such, Secretary Cortés is the administrative head of the Single State Office – the Pennsylvania Department of State – that has been designated by the Commonwealth of Pennsylvania under section 102(b)(1) of UOCAVA (as amended by the Help America Vote Act of 2002).

7.      By statute, the Pennsylvania Legislature has assigned the Secretary of the Commonwealth certain responsibilities that are relevant to Pennsylvania's compliance with UOCAVA. However, in its implementation of the Commonwealth of Pennsylvania's responsibilities under UOCAVA, the General Assembly of the Commonwealth by statute has assigned many responsibilities necessary for compliance with UOCAVA to the 67 county boards of elections ("CBEs"). *See generally* Pa. Stat. Ann. tit. 25, §§ 3146.1-3146.9 (West 1994 &

Supp. 2003)(Article XIII of the Pennsylvania Election Code – relating to voting by qualified absentee electors).

8.    In the April 27, 2004, General Primary election, the voters of the Commonwealth of Pennsylvania will have the opportunity to participate and vote in a process established by Pennsylvania law for, *inter alia*, (a) the nomination by the major political parties – the Democratic and Republican Parties – of candidates for the Federal offices of U.S. Senator and U.S. Representative; (b) the selection of Delegates and Alternate Delegates to attend and participate in the two major political parties' National Conventions, which will nominate the parties' candidates for the Federal offices of President and Vice-President; and (c) the expression of voters' preferences for the candidates of the voters' political party for the office of President.

9.    Under Pennsylvania law, absentee ballots received after 5:00 P.M. Eastern Time on the Friday before the election – Friday, April 23, 2004 – may not be counted with respect to any office. *See* Pa. Stat. Ann. tit. 25, § 3146.6(a) (West Supp. 2003).

10.    In accordance with Pennsylvania law, the offices of the county boards of elections received requests for absentee ballots from overseas voters (as defined by the Act), including uniformed services voters who are overseas voters, on and before March 29, 2004.  However, some county boards of elections did not transmit absentee ballots to those overseas voters in the time period prescribed by the Pennsylvania Election Code (*see* Pa. Stat. Ann. tit. 25, § 3146.5(a) (West 1994)).  As a consequence, some of those overseas voters likely do not now have sufficient time to return their absentee ballots to their respective county boards of elections by the statutory deadline of Friday, April 23, 2004.

11.    At the request of the U.S. Department of Justice, the Pennsylvania Department of State's Bureau of Commissions, Elections and Legislation, between April 7 and April 12, 2004,

3

conducted a telephone survey of the 67 county elections offices that suggested the following:

>   (a) Approximately, ten counties reported that they had, on or before March 29, 2004, mailed absentee ballots to overseas voters (including overseas uniformed services voters) who had requested them by that time.
>
>   (b) Approximately 15 counties had mailed absentee ballots to overseas voters on days when between 16 and 23 days remained before the statutory deadline for county boards of elections to receive absentee ballots.
>
>   (c) At least six counties that were contacted on or after April 7 had not mailed any absentee ballots to overseas voters.
>
>   (d) At least 40 counties have been unable or unwilling to provide complete information about whether or when they mailed absentee ballots to overseas voters.

12.     Pennsylvania law clearly *prohibits* county boards of elections from accepting *any* voted absentee ballot transmitted to them via facsimile machine or other electronic means.  In addition, except for voters with disabilities who may use necessary third-party assistance, voted absentee ballots may be delivered to the county board of elections – sealed in their proper envelopes as prescribed by the Pennsylvania Election Code – only by the absentee voter himself or through the U.S. Mail.  *See In re: Canvass of Absentee Ballots*, Nos. 71 & 72 WAP 2003, 2004 Pa. LEXIS 431 (March 8, 2004)(interpreting Pa. Stat. Ann. tit. 25, § 3146.6(a) (West Supp. 2003)).

13.     Some overseas voters (including absent uniformed services voters who are overseas voters) who applied for an absentee ballot on or before March 29, 2004, and who were not provided an absentee ballot in the time prescribed by Pennsylvania law, *see* Pa. Stat. Ann. tit. 25, § 3146.5(a) (West 1994), reside or are physically situated at locations so remote from their counties of residence in Pennsylvania that they likely will be unable to return an absentee ballot in time or to cast a vote in this General Primary unless afforded relief from the April 23, 2004, statutory deadline for the receipt of absentee ballots.  *See* Pa. Stat. Ann. tit. 25, § 3146.6(a) (West

4

Supp. 2003).

14.     To provide to overseas voters – including uniformed services voters who are overseas voters – (a) who applied for an absentee ballot on or before March 29, 2004, and are protected by UOCAVA, and (b) who were not timely provided with an absentee ballot by their respective county boards of elections, a fair opportunity to vote by absentee ballot for candidates for Federal office, Defendants agree that the Secretary of the Commonwealth will direct the county boards of elections to accept *as timely received,* to canvass in accordance with Pennsylvania law, and to count votes cast in accordance with Pennsylvania law *for Federal offices only,* absentee ballots that the boards receive from these voters for the April 27, 2004 General Primary election after 5:00 P.M. on April 23, 2004, and before 5:00 P.M. on May 7, 2004 – the 14th day following the statutory deadline for receipt of absentee ballots. *However, no ballot shall be deemed validly cast unless it was actually cast by the voter no later than the close of the polls at 8:00 P.M. on Tuesday, April 27, 2004.*

15.     This Agreement is not, and shall not be construed as, a Consent Decree. It does not operate as an adjudication of the merits of the litigation. Nothing in this agreement is intended to, nor shall it be construed as, an admission of liability of or by any party.

16.     Defendants' undertakings described in this Agreement and in the Order entered to effectuate the Agreement are enforceable by the Court. A copy of said Order, which the parties jointly will present to the Court, is attached to this Agreement as Exhibit A.

17.     Defendants' obligations under this Agreement and the Order entered to effectuate it shall expire 30 days after the report required by paragraph 6 of the Order is submitted to the Department of Justice.

18.     Paragraphs 15 through 17 are essential to this Agreement.  If any of them is held to be invalid, this Agreement shall be null and void.

19.     If the agreement is accepted by the Court, the action will be dismissed without prejudice on the following terms and conditions:

      a.   The defendants shall make all good faith efforts to effectuate the provisions of the Agreement.

      b.   As the case is dismissed without prejudice, Plaintiff may at any time file a new Complaint raising some or all of the issues presented in this action, and any other issues that are justiciable in the Court.


| | |
|---|---|
| R. ALEXANDER ACOSTA<br>Assistant Attorney General for<br>Civil Rights | GERALD J. PAPPERT<br>Attorney General |
| JOSEPH D. RICH<br>REBECCA WERTZ<br>STEPHEN B. PERSHING<br>Attorneys, Voting Section<br>Civil Rights Division—NWB<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br>(202) 305-1238 (phone)<br>(202) 307-3961(facsimile) | SUSAN J. FORNEY<br>Chief Deputy Attorney General<br>Pennsylvania Office of Attorney<br>General<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120<br><br>(717)-783-1471 (phone)<br>(717)-772-4526 (facsimile) |

6

THOMAS A. MARINO
United States Attorney for the
Middle District of Pennsylvania

LINDA C. BARRETT
Chief Counsel
Pennsylvania Department of State
302 North Office Building
Harrisburg, PA 17120-0029

(717)-787-6458 (phone)
(717)-787-1734 (facsimile

BY:_____
Assistant U.S. Attorney
Suite 220, Federal Building
228 Walnut Street,
Harrisburg, PA 17108-1754
(717)221-4482 (phone)
(717)221-4582 (facsimile)

GREGORY E. DUNLAP
Deputy General Counsel
333 Market St., 17th Floor
Harrisburg, PA 17101

(717)-783-6563 (phone)
(717)-787-1788 (facsimile)

7

4/15/2004

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE COMMONWEALTH OF PENNSYLVANIA, and )<br>PEDRO A. CORTÉS, Secretary of the )<br>Commonwealth of Pennsylvania, )<br><br>Defendants ) | Civil Action No. |

## <u>ORDER</u>

1.     As a remedy to assure the rights of "overseas voters" who are protected by the

Uniformed and Overseas Citizens Absentee Voting Act ("UOCAVA" or "Act"), 42 U.S.C. §

1973ff—1973ff-6, the Secretary of the Commonwealth shall take all reasonable steps necessary

to direct the county boards of elections – notwithstanding the deadline prescribed by Pa. Stat.

Ann. tit. 25, § 3145.6(a) (West Supp. 2003) – to accept as timely received, *solely for purposes of*

*the Federal offices that are included on such ballots for the April 27, 2004, General Primary,*

absentee ballots cast by "overseas voters" as defined by the Act (including absent uniformed

services voters who are "overseas voters" as defined by the Act), *so long as those ballots are*

*received by the appropriate county board of elections not later that 5 P.M. on Friday, May 7,*

*2004.*

2.     For those absentee ballots received from the overseas voters described in ¶ 1, the

Secretary of the Commonwealth shall take all reasonable steps necessary to direct the county

boards of elections to canvass the absentee ballots in accordance with Pennsylvania law and to

count the valid votes cast *for Federal offices only* on those determined by the board of elections to be valid absentee ballots under Pennsylvania law.

3.      No absentee ballot cast by an overseas voter described by ¶ 1 shall be valid unless it was cast by the voter not later than 8:00 P.M. Eastern Daylight Time on Tuesday, April 27, 2004. For purposes of determining that an absentee ballot was cast on or before April 27, 2004, the Secretary of the Commonwealth shall take all reasonable steps necessary to direct the county boards of elections to accept the date affixed to the voter's signed declaration on the absentee ballot envelope prescribed by the Department of State or similar declaration, indicating that that the voter had cast his absentee ballot on or before the date indicated by the voter on his declaration. The Secretary of the Commonwealth will direct the county boards of elections that proof of mailing or delivery of the completed absentee ballot on or before April 27, 2004, will not be required to demonstrate that the ballot was timely cast.

4.      As soon as this Order has been signed by the Court, the Department of Justice shall notify the Director of the Federal Voting Assistance Program (FVAP) of the United States Department of Defense – the Presidential Designee under UOCAVA – of the contents of this Order and request that the FVAP take such action as might be necessary and appropriate to notify overseas voters of the extension of time for receipt of such ballots by elections officials of the Commonwealth of Pennsylvania. The Commonwealth of Pennsylvania, through the Secretary of the Commonwealth, shall direct its county elections officials to assist the FVAP in whatever way might be reasonably necessary to aid that agency in publicizing this extension of time.

5.      In addition to the publicity described in ¶ 4, the Commonwealth of Pennsylvania, shall make all reasonable efforts to publicize the contents of this Order by the following

2

methods:

a. The Secretary of the Commonwealth will issue a press statement for immediate release, posted immediately on the Department of State's website, and distributed as broadly and immediately as practicable, to National and local wire services, to radio and television broadcast stations within the Commonwealth, to daily newspapers of general circulation in the Commonwealth, and to daily and non-daily newspapers in the Commonwealth that circulate among minority language readers, describing this Order, advising the press of its newsworthiness, and specifically giving members of the press a way to contact the Pennsylvania Department of State's Office of Communications and Press for answers to questions.

b. The Secretary of the Commonwealth will take all reasonable means to direct the county boards of elections to send, by first class U.S. Mail, a communication describing this Order, and the relief afforded therein, to every overseas voter who requested an absentee ballot on or before March 29, 2004, and whose absentee ballot has not yet been received by the county board of elections. The notice shall be sent to the address supplied by the voter for delivery of the absentee ballot. Substantial compliance with this subparagraph is accomplished when this communication is mailed with the ballot if the ballot is mailed after the entry of this Order, provided that including such description causes no additional delay in mailing the ballot.

6. Within 45 days after May 7, 2004, the Secretary of the Commonwealth, in conjunction with the county elections officials, shall file a report with the Department of Justice with respect to the April 27, 2004, General Primary, which sets forth the following information:

a. The dates on which each of the 67 counties in the Commonwealth of Pennsylvania began and completed the process of mailing ballots to overseas voters.

b. The number of absentee ballots received by each county from overseas voters by 5:00 P.M. on May 7, 2004.

c. The number of absentee ballots, by county, received from such overseas voters and counted after the statutory deadline of 5:00 P.M. on April 23, 2004, but prior to 5:00 P.M. on May 7, 2004.

d. The number of absentee ballots, by county, received from such overseas voters later than 5:00 P.M. on May 7, 2004, and for that reason not counted.

3

ORDERED this _____ day of April, 2004.

_____
United States District Judge

# EXHIBIT B

# APPENDIX C

## ELECTRONIC TRANSMISSION OF ELECTION MATERIALS

**NOTE:** Please refer to individual state guidelines in Chapter 3 to determine if a specific state allows electronic transmission of official election materials. Please read all instructions carefully.

If a state allows electronic transmission of official election materials, it may allow:

1. the citizen to fax the FPCA for registration and/or ballot request,

2. the citizen to be sent the absentee ballot by fax,

3. the citizen to return the voted ballot by fax,

4. or any combination of 1), 2) and 3).

Any other written correspondence involving voter registration or elections may be faxed to local election officials in any state.

## To Send the FPCA by Fax

1. Complete and sign the FPCA legibly using **dark ink** as indicated in Chapter 3, according to each state's requirements.

2. Fax both sides of the FPCA using a copy of the fax transmittal cover sheet included in this Appendix, or other cover sheet containing similar information, indicating sender's full name, fax number (DSN and Commercial, if available) and telephone number.

3. Use a separate transmittal cover sheet including the number of pages being transmitted for each FPCA. More than one FPCA with cover sheet may be faxed in a single transmission if they have the same destination.

4. After faxing, mail the completed FPCA to the local election official address as listed in Chapter 3 even if it may not meet the state's registration deadline.

## To Receive the Absentee Ballot by Fax

Ballots will be faxed where allowed by state law from the local election official to the individual's fax machine or to an office or command fax machine as indicated on the ballot request, for delivery to addressee (voter).

The voter should follow all instructions provided by the local election official in marking and executing the ballot.

## To Return the Voted Absentee Ballot by Mail

It is preferred that the voter return the voted ballot to the local election officials by mail, even if the ballot has been sent to the voter by fax.

To return by mail a voted ballot that has been sent to the voter by fax, use the security envelope and ballot transmittal envelope from the Federal Write-In Absentee Ballot (SF-186), if available. Detach the envelopes from the rest of the form. The voter should then place the voted ballot in the security envelope, seal it and place the sealed security envelope in the transmittal envelope and mail it immediately to the local election official.

If SF-186 forms are not readily available, use two plain envelopes. Mark one as the security envelope and the other as the transmittal envelope for mailing. Follow the instructions provided with the ballot.

The voter should vote in private and seal the ballot in the security envelope without any assistance whenever possible.

## To Return the Voted Absentee Ballot by Fax

If the voter determines there is not sufficient time to return the ballot by mail and the state allows receipt of a voted ballot by fax, the voted ballot may be transmitted by fax. The voter should follow the instructions provided by the local election official in marking and executing the ballot. Mark the ballot and print legibly in **dark ink** or type.

The voter must understand that by faxing the voted ballot, he/she is waiving the right to secrecy of the ballot. The voter must sign a statement on the fax transmittal cover page indicating, "I understand that by faxing my voted ballot I am voluntarily waiving my right to a secret ballot." This must be followed by the signature of voter and the date. The voter is advised to obtain and retain a facsimile receipt of the date and time the voted ballot was faxed successfully.

Use a copy of the fax transmittal cover sheet included in this Appendix, or other cover sheet containing similar information, indicating the name, telephone number and fax number of the sender, the name and SSN of the voter, and the complete destination address for the ballot (as found under the respective state headings in Chapter 3).

**IMPORTANT:** Voting Assistance Officers are reminded that they are performing duties in an official capacity and are obliged to protect the integrity of the

electoral process and the confidentiality of the voter and his/her vote.

Voting materials described for any state may be transmitted through the following numbers:

> (800) 368-8683
> (703) 693-5527
> DSN 223-5527

Additional international toll-free fax numbers are listed on the inside back cover.

By using the above numbers to electronically transmit any election materials, an audit trail is maintained.

## Assistance Available

Questions concerning policy for use of the system may be directed to the Federal Voting Assistance Program at any of the following numbers: DSN 425-1584, (703) 588-1584, or (800) 438-8683. Overseas citizens may contact the FVAP on the international toll-free numbers listed on the inside back cover of this Guide and on the FVAP website at **www.fvap.gov.** All written correspondence should be directed to the Director, Federal Voting Assistance Program, Department of Defense, 1155 Defense Pentagon, Washington, DC 20301-1155 or by e-mail to **vote@fvap.ncr.gov.**



# SAMPLE TRANSMISSION SHEET



**Include as much of the local election official's information as possible to insure prompt delivery.**

**Important: Complete this section in its entirety. It will enable the election official to get in touch with the voter if necessary.**

**The voter must sign here when faxing a voted ballot and understand that the right to secret ballot is waived when using this service.**

**Fax transmissions to one of these official fax numbers, or the fax numbers listed on the inside back cover.**

**If applicable, indicate branch of service. This will help to locate voter in case of deployment.**

**Indicate the total number of pages sent, including this cover sheet.**

**Do not fill in this section.**

Electronic Transmission Sheet
from the Absentee Voter to the Local Election Official
(shown reduced)

### Official Election Materials — Electronic Transmission Sheet

Transmittal (Cover) Sheet from Absentee Voter to Local Election Official

**TO:**

City/County Board of Elections | State

Telephone Number

Fax Number

Street Address

City | State | Zip Code

**From:**

Last Name

First Name | Middle Name

Telephone Number

Fax Number

Social Security Number (###-##- | Date of Birth (MM/DD/

Mailing Address

City | State or Country

Unit/Ship | Postal Code/APO/FPO

Email Address

Service (Circle One):  Army  Navy  Air Force  Marine Corps  Coast Guard  Other _____

If a VOTED BALLOT is being faxed, sign below:
*"I understand that by faxing my voted ballot I am voluntarily waiving my right to a secret ballot."*

Signature _____     Date _____

Number of pages being transmitted, including this sheet _____

Fax to one of these numbers:

**703-693-5527, 1-800-368-8683, or DSN 223-5527**

**Federal Voting Assistance Program Use Only — DO NOT Complete this Section**

Date Received _____     Time Received _____

Date Sent _____     Time Sent _____

Transaction Number _____     Processed By _____

# EXHIBIT C

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | |
| THE COMMONWEALTH OF PENNSYLVANIA, | ) | |
| EDWARD G. RENDELL, Governor of the | ) | |
| Commonwealth of Pennsylvania; and | ) | |
| PEDRO A. CORTÉS, Secretary of the | ) | |
| Commonwealth of Pennsylvania, | ) | |
| | ) | |
| **Defendants** | ) | |

## ORDER

1.      As a remedy to assure the rights of "absent uniformed services and overseas

voters" who are protected by the Uniformed and Overseas Citizens Absentee Voting Act

("UOCAVA" or "Act"), 42 U.S.C. § 1973ff—1973ff-6, the Secretary of the Commonwealth

shall take all reasonable steps necessary to direct the county boards of elections –

notwithstanding the deadline prescribed by Pa. Stat. Ann. tit. 25, § 3145.6(a) (West Supp. 2003)

– to accept as timely received, *solely for purposes of the Federal offices that are included on*

*such ballots for the April 27, 2004, General Primary*, absentee ballots, including any federal

write in ballots, cast by "absent uniformed overseas voters" as defined by the Act (including

absent uniformed services voters who are "overseas voters" as defined by the Act), *so long as*

*those ballots are received by the appropriate county board of elections not later that 5 P.M. on*

*Friday, May 7, 2004.*

2.      For those absentee ballots received from the absent uniformed services and

overseas voters described in ¶ 1, the Secretary of the Commonwealth shall take all reasonable steps necessary to direct the county boards of elections to canvass the absentee ballots in accordance with Pennsylvania law and to count the valid votes cast *for Federal offices only* on those determined by the board of elections to be valid absentee ballots under Pennsylvania law.

3.     No absentee ballot cast by an absent uniformed services and overseas voters described by ¶ 1 shall be valid unless it was cast by the voter not later than 8:00 P.M. Eastern Daylight Time on Tuesday, April 27, 2004. For purposes of determining that an absentee ballot was cast on or before April 27, 2004, the Secretary of the Commonwealth shall take all reasonable steps necessary to direct the county boards of elections to accept the date affixed to the voter's signed declaration on the absentee ballot envelope prescribed by the Department of State or similar declaration, indicating that that the voter had cast his absentee ballot on or before the date indicated by the voter on his declaration. The Secretary of the Commonwealth will direct the county boards of elections that proof of mailing or delivery of the completed absentee ballot on or before April 27, 2004, will not be required to demonstrate that the ballot was timely cast.

4.     As soon as this Order has been signed by the Court, the Department of Justice shall notify the Director of the Federal Voting Assistance Program (FVAP) of the United States Department of Defense – the Presidential Designee under UOCAVA – of the contents of this Order and request that the FVAP take such action as might be necessary and appropriate to notify overseas voters of the extension of time for receipt of such ballots by elections officials of the Commonwealth of Pennsylvania. The Commonwealth of Pennsylvania, through the Secretary of the Commonwealth, shall direct its county elections officials to assist the FVAP in

whatever way might be reasonably necessary to aid that agency in publicizing this extension of

time.

      5.      In addition to the publicity described in ¶ 4, the Commonwealth of Pennsylvania,

shall make all reasonable efforts to publicize the contents of this Order by the following

methods:

      a.     The Secretary of the Commonwealth will issue a press statement for immediate release, posted immediately on the Department of State's website, and distributed as broadly and immediately as practicable, to National and local wire services, to radio and television broadcast stations within the Commonwealth, to daily newspapers of general circulation in the Commonwealth, and to daily and non-daily newspapers in the Commonwealth that circulate among minority language readers, describing this Order, advising the press of its newsworthiness, and specifically giving members of the press a way to contact the Pennsylvania Department of State's Office of Communications and Press for answers to questions.

      b.     The Commonwealth will take additional reasonable steps to publicize the relief contained in this Order including placing paid advertisements in multiple overseas publications and other periodicals likely to be accessible to U.S. military and non-military overseas voters and preparing public service announcements describing this Order for broadcast on radio and television networks, including but not limited to the U.S. Armed Forces Network. The Department of Justice shall request the Director of the Federal Voting Assistance Program (FVAP) of the United States Department of Defense – the Presidential Designee under UOCAVA –take such action as might be necessary and appropriate to assist the Commonwealth of Pennsylvania with the notification of overseas voters of the extension of time for receipt of such ballots by elections officials of the Commonwealth of Pennsylvania to include posting announcements on World Wide Web sites reasonably likely to be visited by affected voters or persons who may have contact with those voters.

      c.     The Secretary of the Commonwealth will take all reasonable means to direct the county boards of elections to send, by first class U.S. Mail, a communication describing this Order, and the relief afforded therein, to every overseas voter who requested an absentee ballot on or before March 29, 2004, and whose absentee ballot has not yet been received by the county board of elections. The notice shall be sent to the address supplied by the voter for delivery of the absentee ballot. Substantial compliance with this subparagraph is accomplished when this communication is mailed with the ballot if the ballot is mailed after the entry of this Order, provided that including such description causes no additional delay in mailing the ballot.

6.      Within 45 days after May 7, 2004, the Secretary of the Commonwealth, in conjunction

with the county elections officials, shall file a report with the Department of Justice with respect

to the April 27, 2004, General Primary, which sets forth the number of absent uniformed services

and overseas ballots, including federal write-in absentee ballots, received and counted for the

*Federal offices that are included on such ballots for the April 27, 2004, General Primary.*

## CERTIFICATE OF SERVICE

I, **SUSAN J. FORNEY**, Chief Deputy Attorney General for the Commonwealth of Pennsylvania, hereby certify that on April 16, 2004, I caused to be served a copy of the foregoing document entitled **Defendants' Memorandum in Opposition to Motion for Temporary Restraining Order,** by faxing same upon the following:

**Stephen B. Pershing, Esquire**
**Civil Rights Division**
**U.S. Department of Justice**
**Room 7254 - NWB**
**950 Pennsylvania Avenue, N.W.**
**Washington, DC 20530**
**(202) 307-3961 - Fax**
*Counsel for Plaintiff*

**Stephen R. Cerutti**
**Assistant. U.S. Attorney**
**Federal Building**
**228 Walnut Street**
**Harrisburg, PA 17108**
**(717) 221-2246 - Fax**
*Counsel for Plaintiff*

**SUSAN J. FORNEY**
**Chief Deputy Attorney General**
**Pa. I.D. No. 27744**